IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

|   |   |
|---|---|
| Beattie B. Ashmore, in his Capacity as Court-Appointed Receiver for the Three Hebrew Boys, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Ronald and Lisa Massie, )<br><br>Defendants. ) | C/A No. 3:13-1100-MBS<br><br><br><br><br><br>**O R D E R** |

     Plaintiff Beattie B. Ashmore, in his capacity as court-appointed Receiver for the Three Hebrew Boys, filed a complaint against Defendants Ronald and Lisa Massie on April 24, 2013. Plaintiff alleges that Defendants profited in the amount of $135,942.22 as a consequence of participating in a fraudulent investment scheme orchestrated by Joseph Brunson, Timothy McQueen, and Tony Pough, also known as the Three Hebrew Boys. See United States v. Brunson, Cr. No. 3:08-615. Plaintiff asserts causes of action for fraudulent transfer (first cause of action); unjust enrichment (second cause of action); imposition of an equitable mortgage/deed of trust (third cause of action); constructive/resulting trust (fourth cause of action); and equitable lien (fifth cause of action). Plaintiff seeks damages in the amount of $135,942.22, and/or an equitable lien and/or deed of trust on property located at 1015 Canter Lane, Hope Mills, North Carolina (the "Property").

     This matter is before the court on Motion to Dismiss, or in the Alternative, for a More Definite Statement, which motion was filed by Defendant Ronald Massie ("Massie") on June 11, 2013. Plaintiff filed a memorandum in opposition to Massie's motion on June 28, 2013. Massie

contends that the complaint fails to state a claim upon which relief may be granted as to him. See Fed. R. Civ. P. 12(b)(6). Massie alternatively moves the court to compel a more definite statement on the grounds that the claims are so vague and ambiguous that Massie cannot reasonably be required to frame a responsive pleading. See Fed. R. Civ. P. 12(e). Plaintiff responded in opposition to Massie's motion on June 28, 2013.

## DISCUSSION

Defendant has moved to dismiss pursuant to Rule 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). A complaint may survive a motion to dismiss only if it states a plausible claim for relief that permits the court, drawing upon its judicial experience and common sense, to infer more than the mere possibility of misconduct. Id. at 679 (citing cases).

Defendant also has moved for a more definite statement pursuant to Rule 12(e). To survive a Rule 12(e) motion, a pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 n.3 (4th Cir. 2005) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1376)).

Massie contends that he separated from his then wife, Defendant Lisa Massie, in September 2005 and has lived apart from the Property since that time. Massie also asserts that he transferred his interest in the Property to Defendant Lisa Massie by way of quit claim deed pursuant to court

order dated August 24, 2006.  See ECF No. 7-1.  In response, Plaintiff states that at the time of the mortgage payoff on the Property on August 3, 2006, Massie was record owner of the Property.  Plaintiff acknowledges that, at this stage of the proceedings, it is unclear what benefit Massie received as a result of the transfer of the Property to Defendant Lisa Massie.  Plaintiff informs the court that he will voluntarily dismiss Massie should it be learned during the course of discovery that Massie received no economic or other benefit from the mortgage payoff on the Property, and that Defendant Lisa Massie was the sole and exclusive beneficiary of the funds at issue.

The court concludes that Plaintiff has stated a plausible claim for relief.  As such, Massie's motion to dismiss or for a more definite statement (ECF No. 7) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina

November 6, 2013